UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEIZED PROPERTY RECOVERY CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-CIV-1962 (RCL) |
| ) | |
| U.S. DEPARTMENT OF STATE, ) | |
| ) | |
| Defendant. ) | |

DEFENDANT DEPARTMENT OF STATE'S
STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to L.Cv. R. 7.1(h) and 56.1, defendant the United States Department of State ("DOS" or "the Department") respectfully submits this statement of material facts as to which it contends there is no genuine dispute in support of its motion for summary judgment.

PROCEDURAL BACKGROUND

1. By letter to the Department of State dated July 11, 2005 and submitted electronically via the Department's FOIA website, counsel for plaintiff requested "copies of DSP61s submitted by foreign governments to import military equipment and supplies into the United States for training and related activities." Grafeld Decl. at ¶ 4 and Exh. 1. The request sought such DSP-61s dating from July 1, 2003 to the present. Grafeld Decl. at ¶ 4 and Exh. 1. The request specified that the Department should limit its search to records in the Department's centralized files (the State Archiving System). Grafeld Decl. at ¶ 4 and Exh. 1.

2. After plaintiff submitted his request, an automated response acknowledging and summarizing plaintiff's request was emailed to plaintiff and to an IPS email account.

Grafeld Decl. at ¶ 4 and Exh. 1.

3. By letter to the defendant dated August 1, 2005, counsel for plaintiff wrote that it was appealing the Department's alleged failure to acknowledge receipt of its July 11, 2005 FOIA request and alleged failure to provide the requested records. Grafeld Decl. at ¶ 5 and Exh. 2.

4. By letter to the defendant dated August 18, 2005, counsel for plaintiff indicated that it would commence litigation if the Department did not turn over records responsive to its FOIA request by August 31, 2005. Grafeld Decl. at ¶ 6 and Exh. 3.

5. By letter to counsel for plaintiff dated August 19, 2005, the Department acknowledged receipt of plaintiff's FOIA request (to which it had assigned case number 200503132) and informed plaintiff that the processing of the request had begun. Grafeld Decl. at ¶ 7 and Exh. 4.

6. In a telephone conversation on September 6, 2005, a FOIA case analyst from the Department's Office of Information Programs and Services ("IPS") explained to counsel for plaintiff that DSP-61s would not be located in the Department's centralized files (the State Archiving System). Grafeld Decl. at ¶ 8. The IPS case analyst suggested that plaintiff expand its search to include records from the Department's Bureau of Political-Military Affairs, and counsel for plaintiff agreed to expand its requested search in this manner. Grafeld Decl. at ¶ 8.

7. Plaintiff filed this FOIA lawsuit on October 3, 2005. (Compl.)

8. The Department responded to plaintiff's FOIA request by letter dated November 16, 2005. Grafeld Decl. at ¶ 9 and Exh. 5. The Department's November 16, 2005 letter stated that approximately 728 DSP-61 applications submitted by foreign embassies had

been identified in the records of the Department's Directorate of Defense Trade Controls (part of the Bureau of Political-Military Affairs) from July 1, 2003 to July 31, 2005. Grafeld Decl. at ¶ 9 and Exh. 5.

9. In its November 16, 2005 letter, the Department denied plaintiff's FOIA request in full, explaining that Section 12(c) of the Export Administration Act (which is incorporated into Section 38(e) of the Arms Export Control Act) required that DSP-61 applications be withheld from public disclosure. Grafeld Decl. at ¶ 9 and Exh. 5. Section 12(c) of the Export Administration Act states that "information obtained for the purpose of consideration of, or concerning, license applications under this Act shall be withheld from public disclosure unless the release of such information is determined by the secretary to be in the national interest." Grafeld Decl. at ¶ 9 and Exh. 5. The Department's November 16, 2005 letter further explained that because DSP-61 applications were subject to this confidentiality provision and because no national interest determination had been made as to their release, they were exempt from disclosure pursuant to subsection (b)(3) of the FOIA (the statutory exemption to the FOIA). Grafeld Decl. at ¶ 9 and Exh. 5.

10. By letter to the defendant dated November 23, 2005, plaintiff requested that the Department conduct a segregability analysis on the DSP-61s submitted by foreign governments and release any portions of the DSP-61s for which "no national interest determination is required." Grafeld Decl. at ¶ 10 and Exh. 6.

11. In a separate letter to the defendant dated November 23, 2005, plaintiff sought clarification about the statutory confidentiality provision that governed DSP-61s. Grafeld Decl. at ¶ 10 and Exh. 7.

12. By letter dated December 13, 2005, counsel for defendant replied to plaintiff's two letters of November 23, 2005. Grafeld Decl. at ¶ 11 and Exh. 8. Defense counsel's December 13, 2005 letter explained that the DSP-61 is an application form for a license that permits certain defense articles to be imported temporarily and then exported. Grafeld Decl. at ¶ 11 and Exh. 8. Counsel's letter explained that section 12(c) of the Export Administration Act (50 U.S.C. app. § 2411(c)) contains the statutory provision that restricts disclosure of DSP-61s. Grafeld Decl. at ¶ 11 and Exh. 8. Counsel's letter further explained that section 12(c) of the Export Administration Act (50 U.S.C. App. § 2411(c)) is incorporated by reference into the Arms Export Control Act at 22 U.S.C. § 2778(e). Grafeld Decl. at ¶ 11 and Exh. 8. Counsel's letter also explained that DSP-61 applications contained no reasonably segregable, non-exempt information because they consisted entirely of "information obtained for the purpose of consideration of, or concerning, license applications," which the confidentiality provision of the Export Administration Act restricts from public disclosure. Grafeld Decl. at ¶ 11 and Exh. 8.

13. By letter dated January 12, 2006, the Department released to plaintiff portions of 652 of the 728 DSP-61s described in its November 16, 2005 letter. Grafeld Decl. at ¶ 12 and Exh. 9. The letter explained that although plaintiff had requested DSP-61 applications submitted by foreign governments (which are exempt from disclosure in their entirety), the Department had elected to release the limited information permitted by 22 U.S.C. § 2778(e) from those 652 DSP-61s submitted by foreign governments that resulted in licenses. Grafeld Decl. at ¶¶ 12, 20-21 and Exh. 9. Defendant also attempted to identify the subset of those 652 DSP-61s it was releasing in part that related to "training and related activities" as requested by plaintiff. Grafeld Decl. at ¶¶ 12, 20-21 and Exh. 9.

(48 of the 652 DSP-61 applications resulting in licenses included the word "train," "trained," "training," or similar words in the "purpose" or "commodity" field of the DSP-61 application. Grafeld Decl. at ¶ 12.)

FACTUAL BACKGROUND

14. Form DSP-61 is an application for a license issued by the Department of State, Directorate of Defense Trade Controls (DDTC), for the temporary import and subsequent export of unclassified defense articles. Grafeld Decl. at ¶ 16. Through DDTC, the Department processes DSP-61 license applications as part of its responsibility to regulate the export of defense articles. Grafeld Decl. at ¶ 15. All information entered by an applicant on a form DSP-61 is related to the applicant's license application. Grafeld Decl. at ¶ 16.

15. The DSP-61 constitutes a license when it is approved by the Department of State and returned to the applicant. Grafeld Decl. at ¶ 19.

16. A copy of a blank form DSP-61 is attached as Exhibit 10 to the Grafeld Declaration. Grafeld Decl. at ¶ 18 and Exh. 10. The form DSP-61 requires applicants to provide a variety of information related to the proposed temporary importation and subsequent exportation of defense articles, including but not limited to: the countries of import and subsequent export; the identities of owners, end users, and consignees; the purpose of the transaction; and the quantities, commodities, and dollar values of defense articles involved in the transaction. Grafeld Decl. at ¶ 18 and Exh. 10.

17. The Department's Directorate of Defense Trade Controls maintains an electronic file of information on all form DSP-61s that were submitted to the Department of State covering the time period that was the subject of plaintiff's FOIA request. Grafeld Decl. at ¶ 17.

This electronic file was searched in response to plaintiff's FOIA request. Grafeld Decl. at ¶ 17.

Respectfully submitted,

  /s/
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

  /s/
R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney

  /s/
BENTON G. PETERSON, W.I. Bar#1029849
Assistant United States Attorney
555 Fourth St., NW,
Washington, D.C. 20530
(202) 514-7238

<u>OF COUNSEL</u>

BRIAN J. EGAN,
Attorney-Adviser
United States Department of State,
Office of the Legal Adviser
2201 C St. NW, Room 3422
Washington, D.C.  20520
(202)647-2227