UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Seized Property Recovery Corp., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 05-1962 (RCL) |
| U.S. Department of State, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

DECLARATION OF MARGARET P. GRAFELD

I, Margaret P. Grafeld, declare and state as follows:

1.  I am the U.S. Department of State's Information
and Privacy Coordinator and the Director of the
Department's Office of Information Programs and Services
(IPS).  In these capacities, I am the Department official
immediately responsible for responding to requests for
records under the Freedom of Information Act (FOIA), 5
U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and other
applicable records access provisions.  I have been in the

employ of the Department of State since 1974, and have served with the Department's Information Access Program for most of my tenure with the Department. I am authorized to classify and declassify national security information pursuant to Executive Order (E.O.) 12958, as amended, and Department of State regulations set forth in 22 CFR §§ 9.7, 9.14. I make the following statements based upon my personal knowledge, which in turn is based on a personal review of the records in the case file established for the processing of the subject request, and upon information furnished to me in the course of my official duties. I have read plaintiff's complaint filed in the above-captioned matter, and I am familiar with the efforts of Department personnel to process the subject request.

    2. The core responsibilities of IPS include records access requests made by the need-to-know community, the public (under the FOIA, Privacy Act, the mandatory classification review requirements of E.O. 12958, as amended, or the Ethics in Government Act), members of Congress, other government agencies, and those that have been made pursuant to judicial processes, such as subpoenas, court orders, and discovery requests; records management; privacy protection; national security

*Seized Property Recovery Corp. v. Department of State*
*Grafeld Declaration*

classification management and declassification review;
corporate records archives management; research; the
Department's Library; and the technology that supports
these activities.

3. The purpose of this declaration is to inform the
Court of the efforts of the Department to respond to
plaintiff's FOIA request. An explanation of the claimed
exemption for the withholding of information contained in
records responsive to plaintiff's request, as well as a
detailed description of the Department's rationale for non-
disclosure, follows.

## ADMINISTRATIVE PROCESSING

4. On July 11, 2005, Peter S. Herrick (attorney for
plaintiff) submitted a FOIA request electronically via the
Department's FOIA web site for "copies of DSP-61s submitted
by foreign governments to import military equipment and
supplies into the United States for training and related
activities" from July 1, 2003 to the present (Exhibit 1).
Plaintiff stated his willingness to pay $500.00 for the
processing of his request. He also opted to limit the
search for records to the Department's centralized records,

the State Archiving System (SAS).  After plaintiff
submitted his request, an automated response acknowledging
and summarizing plaintiff's request was emailed to
plaintiff and to an IPS email account.  (See Exhibit 1.)

5.  By letter dated and faxed to IPS on August 1, 2005
(Exhibit 2), plaintiff stated that he had not received an
acknowledgement of his request or the requested records.
Plaintiff appealed the Department's failure to acknowledge
receipt of his FOIA request and to provide the requested
records.  A copy of plaintiff's request of July 11, 2005
was enclosed.

6.  By letter dated and faxed to IPS on August 18,
2005 (Exhibit 3), plaintiff stated that if he did not
receive the requested records by August 31, 2005, he would
commence litigation in the U.S. District Court.  Copies of
the July 11 FOIA request and plaintiff's August 1, 2005
letter were enclosed.

7.  By letter dated and faxed to plaintiff on
August 19, 2005 (Exhibit 4), IPS acknowledged receipt of
plaintiff's electronic FOIA request of July 11, 2005 and
letters of August 1 and 11 (sic.), 2005.  Plaintiff was

-5-

informed that its request had been assigned case control
number 200503132, that the processing of its request had
begun, and that plaintiff would be notified as soon as
responsive material was retrieved and reviewed.  Plaintiff
was advised that the cut-off date for retrieving records
was either the date given in his request, if specified, or
the date the search was initiated.  Plaintiff was also
given fee information and was advised that the request
would be placed in the commercial requester category.

8.  In a telephone conversation with Mr. Herrick on
September 8, 2005, the IPS case analyst assigned to
plaintiff's FOIA request explained the process of searching
for and reviewing records within the Department, and
informed Mr. Herrick that DSP-61s were not maintained in
the State Archiving System (SAS), but were instead
maintained by the Bureau of Political-Military Affairs
(PM).  Since the box on Mr. Herrick's electronic FOIA
request form was checked specifying that he wanted to limit
the search for responsive records to SAS, the case analyst
asked Mr. Herrick if he still wished to so limit the
search.  He answered in the negative.

*Seized Property Recovery Corp. v. Department of State*
*Grafeld Declaration*

9.  By letter dated November 16, 2005 (Exhibit 5), IPS
informed plaintiff that in response to his request, a
search of the Bureau of Political-Military Affairs (PM) had
been completed, resulting in the identification of 728 DSP-
61s submitted by foreign embassies between July 1, 2003 and
July 31, 2005.  Plaintiff was advised that these DSP-61s
consisted in their entirety of information covered by the
confidentiality provision of Section 12(c) of the Export
Administration Act, which is incorporated by reference into
Section 38(e) of the Arms Export Control Act (22 U.S.C.
§ 2778(e)).  The letter cited the confidentiality provision
of the statute, which states that "information obtained for
the purpose of consideration of, or concerning, license
applications under this Act shall be withheld from public
disclosure unless the release of such information is
determined by the Secretary to be in the national
interest."  The letter further explained that because DSP-
61 applications were subject to this confidentiality
provision and because no "national interest" determination
had been made as to their release, they were exempt from
disclosure in full pursuant to subsection (b)(3) of the
FOIA.

10.  By letters dated and faxed to IPS on November 23, 2005 (Exhibits 6 and 7), plaintiff requested that the Department release segregable portions of the DSP-61s submitted by foreign governments for which "no national interest determination is required" (Exhibit 6), and sought clarification about the statutory confidentiality provision that governed DSP-61s (Exhibit 7).

11.  By letter dated December 13, 2005 (Exhibit 8), Assistant United States Attorney Benton G. Peterson responded to plaintiff's letters dated November 23, 2005 to the Department.  Plaintiff was advised that the DSP-61 is an application form for a license that permits certain defense articles to be imported temporarily and then exported.  Plaintiff was further advised that Section 12(c) of the Export Administration Act (which is incorporated by reference at 22 U.S.C. § 2778(e)) contains the statutory provision that restricts the disclosure of DSP-61s. Finally, plaintiff was advised that DSP-61 applications contain no reasonably segregable information that is not exempt from FOIA disclosure.

12.  By letter dated January 12, 2006 (Exhibit 9), IPS released to plaintiff portions of 652 of the 728 DSP-61s described in its earlier November 16, 2005 letter

*Seized Property Recovery Corp. v. Department of State*
*Grafeld Declaration*

(Exhibit 5).  Although plaintiff had requested DSP-61 applications submitted by foreign governments, which are exempt from disclosure in their entirety, IPS informed plaintiff that the Department had elected to treat as licenses the relevant 652 DSP-61 applications that had been approved.  As such, certain information within the licenses, as described below, would be releasable to plaintiff.  The Department also attempted to identify the subset of those approved DSP-61 licenses it was releasing in part that related to "training and related activities" as requested by plaintiff.  (48 of the 652 DSP-61 licenses it released in part included the word "train" or "training" or "trained" (or similar word) in the "purpose" or "commodity" field of the license.)  The letter explained that the remaining information in the 652 DSP-61s released in part, and the 76 DPS-61s withheld in full, consisted solely of information covered by the confidentiality provision of Section 12(c) of the Arms Export Control Act (22 U.S.C. Sec. 2778(e)), and as such, is exempt from disclosure pursuant to subsection (b)(3) of the FOIA.

## EXEMPTION CLAIMED

### FOIA Exemption (b)(3) -- Exempted by Statute

13.   Section (b)(3) of the FOIA, 5 U.S.C. § 552(b)(3),

*Seized Property Recovery Corp. v. Department of State*
*Grafeld Declaration*

states that the FOIA does not apply to matters that are:

> ... specifically exempted from disclosure by statute
> (other than Section 552(b) of this title), provided
> that such statute (A) requires the matters be withheld
> from the public in such a manner as to leave no
> discretion on the issue or (B) establishes particular
> criteria for withholding or refers to particular types
> of matters to be withheld;

Among the statutes that bring information under this
exemption is:  50 U.S.C. app. § 2411(c) (Export
Administration Act, section 12(c)), as incorporated into
22 U.S.C § 2778(e) (Arms Export Control Act, Section
38(e)).

14.   The information to which the (b)(3) exemption has
been applied in this case is contained in 728 records
described below, all of which are DSP-61s applications
(some of which became licenses).

15.   The Department of State processes DSP-61 license
applications as part of its responsibility to regulate the
export of defense articles pursuant to the Arms Export
Control Act (AECA), 22 U.S.C. § 2751 et seq.  As such, the
records are required to be kept confidential under Section
38(e) of the AECA, 22 U.S.C. § 2778(e).  AECA Section 38(e)
incorporates by reference Section 12(c)(1) of the Export

Administration Act (50 U.S.C. app. § 2411(c)(1)), which

provides that:

> ... information obtained for the purpose of
> consideration of, or concerning, license applications
> under this Act shall be withheld from public
> disclosure unless the release of such information is
> determined by the Secretary to be in the national
> interest.

Section 38(e) of the AECA, after incorporating the

preceding, also states that:

> ... except further that the names of the countries and
> the types and quantities of defense articles for which
> licenses are issued under this section shall not be
> withheld from public disclosure unless the President
> determines that the release of such information would
> be contrary to the national interest.

## RECORD DESCRIPTION

16.  The 728 records at issue in this case are all

"DSP-61s submitted by foreign governments" as requested by

plaintiff.  Form DSP-61 is an application form for a

license issued by the Department of State, Directorate of

Defense Trade Controls, for the temporary import and

subsequent export of unclassified defense articles.   All

information entered by an applicant and submitted to the

Department on a DSP-61 is related to the applicant's

import/export license application.

*Seized Property Recovery Corp. v. Department of State*
*Grafeld Declaration*

17.    The Department's Directorate of Defense Trade Controls maintains an electronic database of information from all form DSP-61 applications that were filed with the Department of State and received during the time period that is the subject of plaintiff's FOIA request.  This database was searched in response to plaintiff's FOIA request.

18.    The form DSP-61 contains some 25 items to be filled in by the applicant, including requesting country, port of import, country of ultimate destination, list and quantity of commodities to be imported and then exported, foreign consignee and applicant name.  A blank copy of the DSP-61 is attached as Exhibit 10.

19. The DSP-61 application becomes a license upon approval by the Department of State and return to the applicant.

20.    Of the 728 DSP-61s retrieved in this case, 652 have been withheld in part and 76 have been withheld in full.  The 652 DSP-51s withheld in part are DSP-61 applications submitted by foreign governments that resulted in licenses.  The 76 DSP-61s withheld in full are DSP-61 applications submitted by foreign governments that have not resulted in licenses.

*Seized Property Recovery Corp. v. Department of State*
*Grafeld Declaration*

21.  DSP-61 applications consist in their entirety of "information obtained for the purpose of consideration of, or concerning, license applications" that is required to be withheld from public disclosure under Section 38(e) of the AECA and is therefore exempt from release under FOIA exemption (b)(3).  Although the FOIA request was for DSP-61 applications, i.e., DSP-61s "submitted by foreign governments" to the Department of State, we have elected to treat the request as if it also applied to licenses resulting from DSP-61 applications in order to facilitate plaintiff's request.  Accordingly, we have released the "names of the countries and types and quantities of defense articles" (see 22 U.S.C. § 2778(e)) from those 652 DSP-61s submitted by foreign governments that resulted in licenses. (We have also attempted to identify the subset of those 652 DSP-61s that relate to "training and related activities," as requested by plaintiff.)  All of the other information in the 652 DSP-61s withheld in part, and in the 76 DSP-61s withheld in full, is "information obtained for the purpose of consideration of, or concerning, license applications" that is required to be withheld from public disclosure under Section 38(e) of the AECA and is therefore exempt from release under FOIA exemption (b)(3).

## CONCLUSION

22.   The Department has completed a search of the records system that is reasonably expected to contain all records responsive to plaintiff's request.  As a result of the search, 728 records were identified, all of which were initially denied in full to the plaintiff.  Portions of 652 of the 728 records, which represent the publicly disclosable portions of the 652 DSP-61s that resulted in licenses, were subsequently released to plaintiff.  The Department's final response was forwarded to the plaintiff on January 12, 2006.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this  _12th_  day of January 2006.

Margaret P. Grafeld

*Seized Property Recovery Corp. v. Department of State*
*Grafeld Declaration*