Ex 6

# SEIZED PROPERTY RECOVERY CORPORATION
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-428-0855

November 23, 2005

TELECOPY ONLY (202-261-8579)

FREEDOM OF INFORMATION ACT APPEAL SUPPLEMENT

Margaret P. Grafeld
Information & Privacy Coordinator
Office of Information Resources Management Programs and Services
A/RPS/IPS, SA-2
Department of State
Washington DC 20522

Re:   Requested DSP-61s
      Case No. 200503132

Dear Ms. Grafeld:

I received your letter of November 16, 2005 in the referenced matter wherein you state you are responding to my Freedom of Information Act request of July 11, 2005.[1] You have located 728 DSP-61s but did not release them because no national interest determination has been made. However, it appears you made no attempt to segregate those portions of the DSP-61s for which no national interest determination is required. To make your segregability determinations easier I will explain what

---

[1] You fail to note that a FOIA appeal was filed with your office in this matter by letter of August 1, 2005.

1

information is needed from each of these DSP-61s.

The filing of the DSP-61s is a prelude to the introduction of military equipment and supplies into the United States for training purposes. This is followed by the preparation and submission of an Entry Summary (CF 7501) to the U. S. Customs and Border Protection ["Customs"] to have the military equipment and supplies formally entered into the United States. Pursuant to the Harmonized Tariff Schedules of the United States no duty is required to be paid on the military equipment and supplies that are being entered.

However, there are at least 2 cases I am aware of where Customs has assessed substantial Harbor Maintenance Fees ["HMF"] on these importations. The assessment of the HMF on these importations is illegal.[2]

From the DSP-61s you have located we want the following information:

Which country filed the DSP-61?
Which branch of the military of that country requested importation?
The date the DSP-61 was filed.

Obviously the release of this information requires no national interest determination and is easily and quickly segregable.

The receipt of this information is time sensitive because of the laws administered by Customs. If we do not receive the requested information within the next 20 days we will vigorously pursue our options in the companion case currently pending in the U. S. District Court for the District of Columbia.[3] Assistant U. S. Attorney Benton G. Peterson has filed an answer in this case and we are sending Mr. Peterson a copy of this response.

It is our desire to work with State and the AUSA to have the requested

---

[2] Nippon Express, Inc. v. United States USCIT Slip Op. 04-136 dated November 4, 2004.

[3] Seized Property Recovery Corp. v. Department of State Case No. 05-1962 (RCL).

segregable records released as quickly as possible. Such cooperation may well lead to the termination of the pending litigation.

Sincerely,

Peter S. Herrick

cc:   AUSA Benton G. Peterson, Esq.